# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **TERESA B. CAMPBELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:20-cv-00080 |
| ) | |
| **STEPHEN J. DUNN a.k.a. JEFF DUNN,** ) | JUDGE CAMPBELL |
| in his individual capacity; **MELINDA** ) | MAGISTRATE JUDGE HOLMES |
| **BREWER,** in her individual capacity; ) | |
| **BRENT COOPER,** in his individual ) | |
| capacity; and **DISTRICT ATTORNEY** ) | |
| **GENERAL BRENT COOPER,** in his ) | |
| Official Capacity as District Attorney ) | |
| General for the 22nd Judicial District of ) | |
| Tennessee, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court is a motion to dismiss filed by Defendants Stephen J. Dunn and District Attorney General Brent Cooper. (Doc. No. 10). Plaintiff filed a Response (Doc. No. 16). For the reasons stated below, Defendants' Motion to Dismiss (Doc. No. 10) will be **GRANTED** in part, and **DENIED** in part.

## I. BACKGROUND

In May 28, 2017, Plaintiff witnessed a domestic dispute involving her brother and other persons not party to this litigation. Plaintiff gave oral and written statements to the police stating that one of the parties to the dispute ran over her brother's foot with a car. There were several audio video recordings of the incident. (Doc. No. 1, ¶¶ 4.1, 4.4) A few days later, the police department concluded that no assault occurred and closed its investigation. (*Id.*, ¶ 2.3).

On June 8 or 9, 2017, one of the parties involved in the domestic dispute reported to the Sheriff's department that Plaintiff's brother had made a False Police Report. (*Id.*, ¶ 4.2). Melinda Brewer, a lieutenant with the Lawrence County Sheriff's Department, then contacted some of the parties involved in the incident to prepare new statements. (*Id.*).

In May 2017, at the time of the domestic incident, Defendant Stephen Dunn was a sergeant or investigator with the Lawrence County Sheriff's Department. (*Id.*, ¶ 2.3). Sometime after the police investigation was closed, Dunn ended his employment with the Sheriff's Department and went to work as a criminal investigator for Brent Cooper, District Attorney General of the 22nd Judicial District. (*Id.*).

Plaintiff alleges Cooper and Dunn conspired to reopen the investigation, conceal evidence, and alter video evidence to remove exculpatory statements. Plaintiff contends that in January 2018, Dunn and Cooper presented the altered video as evidence to a grand jury and withheld the other video which she alleges also contained exculpatory evidence. The grand jury indicted Plaintiff with making a false statement to a law enforcement officer (the statement that her brother's foot had been run over). On February 2, 2018, Deputy Brewer arrested Plaintiff, who is an attorney, "during actual court proceedings." (*Id.*, ¶ 5.1(4)). Almost two years later, on December 12, 2019, Plaintiff was acquitted by a jury. (*Id.*, ¶ 5.4).

Plaintiff filed this lawsuit on December 11, 2020, against Stephen Dunn, Brent Cooper, and Melinda Brewer. Plaintiff alleges a single claim under 42 U.S.C. § 1983 for malicious prosecution in violation of the Fourth Amendment. (*See* Compl., Doc. No. 1; Pl. Resp., Doc. No. 16-1 at 1). The instant motion to dismiss pertains only to the claims against Defendants Dunn and General Cooper. (Doc. No. 10).

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## III. ANALYSIS

Many of the issues raised in Defendants' Motion to Dismiss are not contested by Plaintiff. First, Plaintiff clarifies that the only claim presented is a malicious prosecution claim under 42 U.S.C. § 1983 – she is not making any claims for false arrest or civil conspiracy or raising any claims under state law. (Doc. No. 16 at 1). Second, Plaintiff concedes that official capacity claims against Dunn and Cooper are effectively claims against the State of Tennessee and should be dismissed. (*Id*. at 2). Accordingly, the official capacity claims against Dunn and Cooper will be dismissed. In addition, to the extent the Complaint could be construed to state claims other than a claim under 41 U.S.C. § 1983 for malicious prosecution, those claims are also dismissed.

Defendants' remaining arguments for dismissal are that: (1) Cooper has absolute prosecutorial immunity; (2) Dunn is entitled to absolute immunity for his testimony before the grand jury and at trial; and (3) Plaintiffs cannot show an essential element of the malicious prosecution claim – lack of probable cause.

3

### A. Absolute Immunity

    1. <u>Cooper</u>

Defendants contend Cooper has absolute prosecutorial immunity, therefore all claims against him are barred. (Doc. No. 11 at 8 (citing *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000))). Plaintiff agrees Cooper has "broad prosecutorial immunity for his actions taken during the actual presentation and advocacy during the Court proceedings," but argues that Cooper is not entitled to absolute immunity for his role in the investigatory stage of the proceeding, including the "concealing, alteration, and fabrication of audio video evidence and exculpatory evidence." (Doc. No. 16-1 at 7 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

State prosecutors are not entitled to absolute prosecutorial immunity solely by virtue of their job title. Entitlement to absolute immunity depends on the "nature of the function performed, not on the identity of the actor who performed it." *Rieves v. Town of Smyrna, Tenn.*, 959 F.3d 658, 690 (6th Cir. 2020) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)); *see also*, *Buckley*, 509 U.S. at 269 (requiring a "functional approach" to determine whether a government official is entitled to absolute immunity). Indeed, the presumption is that government officials are entitled to qualified immunity, rather than absolute immunity. *Id*. "[T]he official seeking absolute immunity bears the burden of showing that [absolute] immunity is justified for the function in question." *Id.* at 691 (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

"A prosecutor is entitled to absolute immunity when act[ing] 'as an advocate for the State' and engag[ing] in activity that is 'intimately associated with the judicial phase of the criminal process.'" *Id*. (quoting *Prince v. Hicks*, 198 F.3d 607, 611 (6th Cir. 1999)). Absolute immunity extends to investigatory acts necessary to initiate and maintain a prosecution, but does not extend to investigative conduct that does not relate to the prosecutors "initiation of a prosecution or for

judicial proceedings." *Id*. (quoting *Buckley*, 509 U.S. at 273). For example, absolute immunity does not protect a prosecutor engaged in "investigative functions normally performed by a detective or police officer," such as "search[ing] for clues and corroboration that might give him probable cause to recommend that a suspect be arrested." *Id*. "Moreover, the fact that a prosecutor 'later calls a grand jury to consider the evidence [that his alleged misconduct uncovered] does not retroactively transform that work from the administrative to the prosecutorial." *Id*.

Plaintiff argues that the claims against Cooper are based on actions taken during the investigation of Plaintiff, and that Cooper was not acting in his role as prosecutor when he directed Dunn to reopen the investigation and altered audio and video recording to remove exculpatory statements. (Doc. No. 16-1 at 9 (citing Compl., Doc. No. 1, ¶ 5.1(8)).

At this juncture, the Court makes no finding regarding which actions fall within the prosecutorial function and are therefore subject to absolute immunity. However, assuming the truth of all allegations in the Complaint, Plaintiff has plausibly alleged that the malicious prosecution claim is based on conduct outside the prosecutorial function. Accordingly, Defendants have not shown that Cooper is entitled to absolute immunity for the actions complained of.

2. <u>Dunn</u>

The Complaint includes a number of allegations regarding Dunn's alleged false testimony to the grand jury and at trial, which Defendants argue cannot form the basis of Plaintiff's claim because Dunn is entitled to absolute immunity with regard to his testimony at the grand jury and at trial. (Doc. No. 11 at 10).

Plaintiff does not dispute such testimony is protected. Indeed, it is well established that a witness is entitled to absolute immunity for testimony in grand jury proceedings and at trial, even when the testimony constitutes perjury. *See Briscoe v. LaHue*, 460 U.S. 325, 333 (1983) (testimony

5

at trial); and *Rehberg v. Paulk*, 566 U.S. 356 (2012) (grand jury testimony). Accordingly, a claim for malicious prosecution cannot be based solely on false testimony to a grand jury or at trial. *See Miller v. Maddox*, 866 F.3d 386, 394-95 (6th Cir. 2017) (citing *Briscoe*, 460 U.S. at 341-46).

Even so, absolute immunity does not "extend[ ]to *all* activity that a witness conducts outside the grand jury room." *Id*. (quoting *Rehberg*, 566 U.S. at 370 n.1). Plaintiff argues her claim is not based on Dunn's allegedly false testimony, but on his conduct during the investigation of Plaintiff, including the "alteration/fabrication and concealment of exculpatory evidence contained on the audio video recordings during the investigation of the Plaintiff." (Doc. No. 16-1 at 12). Defendants do not argue Dunn enjoys absolute immunity for these actions. Accordingly, the claims against Dunn will not be dismissed on grounds of absolute immunity. However, his grand jury and trial testimony may not serve as a basis for Plaintiff's malicious prosecution claim.

### B. Malicious Prosecution

A claim for malicious prosecution premised on a violation of the Fourth Amendment requires a plaintiff to prove: (1) a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) a deprivation of liberty apart from the initial seizure; (4) that the prosecution was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010). The name "malicious prosecution" is somewhat of a misnomer – a plaintiff need not prove the defendant acted with malice. *Id*.

Defendant argues that Plaintiff cannot establish the second element because indictment by a grand jury conclusively establishes probable cause for her arrest and prosecution. (Doc. No. 11 at 8 (citing *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)). Plaintiff argues that under the

6

Case 1:20-cv-00080   Document 24   Filed 08/31/21   Page 6 of 8 PageID #: 161

Sixth Circuit's decision in *King v. Harwood*, 852 F.3d 568, 587-88 (6th Cir. 2017), the indictment only establishes a rebuttable presumption of probable cause. (Doc. No. 16-1 at 4).

As a general rule, a grand jury indictment establishes probable cause for a prosecution. *See Barnes*, 449 F.3d at 716 (noting that "it has long been settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause"). *Id*. The Sixth Circuit, however, has articulated an exception to this general rule, in part as response to the absolute immunity afforded to grand jury testimony. *King*, 852 F.3d at 587-88. In *King*, the Court held that a grand jury indictment serves as a rebuttable, not conclusive, presumption of probable cause "where (1) a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence; (2) the false statements and evidence, together with any concomitant misleading omissions, are material to the ultimate prosecution of the plaintiff; and (3) the false statements, evidence, and omissions do not consist solely of grand-jury testimony or preparation for that testimony." *Id.*

In light of Plaintiff's allegation that Defendants falsified and/or fabricated evidence that led to the indictment, the Court finds that the grand jury indictment does not, at this stage, conclusively establish probable cause. Accordingly, dismissal for failure to show lack of probable cause is unwarranted at this juncture.

## IV. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss will be GRANTED in part, and DENIED in part. The official capacity claims against Defendants Dunn and Cooper are DISMISSED. The claim for malicious prosecution under 42 U.S.C. § 1983 against Defendants Dunn and Cooper individually, will proceed.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE